# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKEY J. HARRIS, III,**

        **Plaintiff,**

        v.                                  Case No. 18-CV-813

**DAVID CLARKE,**

        **Defendant.**

## ORDER AND RECOMMENDATION

Plaintiff Rickey J. Harris, who is representing himself, filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. The Prison Litigation Reform Act (PLRA) applies to this case because Harris was incarcerated when he filed his complaint. This order resolves Harris's motion and screens his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The PLRA gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On May 29, 2018, the court ordered Harris to pay an initial partial

filing fee of $16.83. Harris paid that fee on July 9, 2018. Accordingly, the court will grant his motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Harris alleges that he was an inmate at the Milwaukee County Jail in February 2017. Just prior to being booked into the jail for a non-drug-related offense two John Doe sheriff deputies allegedly instructed Harris to change into jail clothing. Harris asserts that he complied with the order and changed in a holding cell while one of the deputies watched through the cell door window.

After changing, Harris states that he was handcuffed and escorted by the two deputies to the shower area. One of the deputies allegedly asked him if he had anything illegal on or in his body. Harris replied that he did not, asked why he was being searched, and asked if he could speak to a sergeant. The deputy allegedly told Harris that he could speak to a sergeant after the search.

According to Harris, one of the deputies put on latex gloves and ordered Harris to lower his pants and underwear to his knees and squat. The deputy then allegedly used a flashlight to spread open Harris's buttocks. Harris was again denied his request to speak to a sergeant.

Shortly thereafter, Harris spoke with two Milwaukee County detectives/ investigators and explained to them what had happened. According to Harris, one of

the detectives told him that it was wrong for the deputies to strip search him without authorization. They allegedly suggested that he file a grievance, which he did that same night. Harris left the jail about five or six days later. He has not heard anything further from the jail about this event.

*Analysis*

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, because § 1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009), a plaintiff must specify in his allegations what each individual defendant did (or did not do) to violate his constitutional rights. Here, although Harris names former Milwaukee County Sheriff David Clarke as a defendant in the caption of his complaint, he does not mention Clarke in his allegations. Because Harris fails to allege any misconduct by Clarke, no basis exists for inferring that he violated Harris's constitutional rights.

Because Clarke has not had the opportunity to consent to magistrate judge jurisdiction, the court cannot dismiss him as a defendant. The court will refer this decision to the District Court, with a recommendation that Harris not be permitted to proceed against Clarke.

The court will, however, allow Harris to proceed against the two John Doe sheriff deputies with a claim that they strip searched him in violation of the Fourth Amendment. Although the United States Supreme Court has held that "the Constitution permits officials to conduct strip searches and body-cavity inspections of arrested persons before they enter a jail's general population," they may only do so in a manner that is consistent with a jail's general policy of searching "*every* arrestee going into the general population . . . ." *See Fonder v. Sheriff of Kankakee County*, 823 F.3d 1144, 1146-47 (7th Cir. 2016).

Harris alleges that the detectives told him that he should not have been searched. Accepting this allegation as true, which the court must at screening, the court concludes that Harris has sufficiently pled that the deputies' decision to strip search him and/or the manner in which they searched him was not "reasonably related to legitimate penological interests" and, therefore, was unconstitutional. *See Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 326 (2012) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Although Harris does not name the John Doe deputies in the caption of his complaint, the Seventh Circuit Court of Appeals has repeatedly noted that "*pro se* complaints are to be liberally construed, and courts may construe them as having named defendants who are mentioned only in the body of the complaint." *Donald v. Cook County Sherrif's Dept.*, 95 F.3d 548, 559, 556 (7th Cir. 1996) (holding that a court may

assist a *pro se* plaintiff who fails to explicitly name a John or Jane Doe defendant in the caption of the complaint).

Because Harris does not know the names of the Doe deputies, the court will name Milwaukee County Sheriff Richard Schmidt as a defendant for the limited purpose of helping Harris identify their names. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Schmidt will be served with Harris's complaint and a copy of this order. He does not have to respond to Harris's complaint. After Sheriff Schmidt's attorney files an appearance, Harris may serve discovery on Sheriff Schmidt (by mailing it to his attorney at the address in the notice of appearance) to get information that will help him identify the names of the Doe deputies. For example, Harris may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Harris has not stated a claim against Sheriff Schmidt, Harris's discovery requests must be limited to information or documents that will help him learn the names of the Doe deputies. Harris many not ask Sheriff Schmidt about any other topic, and Sheriff Schmidt is under no obligation to respond to requests about any other topic.

After Harris identifies the names of the Doe deputies, he must file a motion to substitute their names for the Doe placeholders. The court will dismiss Sheriff Schmidt as a defendant once Harris identifies the Doe deputies' names. After the Doe deputies are served with Harris's complaint and have an opportunity to respond, the court will

set a deadline for discovery. At that point, Harris may use discovery to get the information he believes he needs to prove his claims.

Harris must identify the names of the Doe deputies within forty-five days of Sheriff Schmidt appearing in the case. If he does not, or does not explain to the court why he is unable to identify their names, the court may dismiss this case based on Harris's failure to diligently pursue it. *See* Civil L.R. 41(c).

## ORDER AND RECOMMENDATION

The court **GRANTS** Harris's motion for leave to proceed without prepayment of the filing fee (ECF No. 2).

The court **RECOMMENDS** that the District Court dismiss David Clarke based on Harris's failure to state a claim against him.

Harris's attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any of the court's recommendations to the District Court may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the District Court shall result in a waiver of his right to appeal.

The court **NAMES** John Does and Richard Schmidt as defendants and **DIRECTS** the clerk's office to add them to the caption of this case.

Under an informal service agreement between Milwaukee County and this court, the court **ORDERS** the clerk's office to electronically send copies of Harris's complaint and this order to Milwaukee County for service on defendant Richard Schmidt.

The court further **ORDERS** that Richard Schmidt does not have to respond to Harris's complaint; however, he must respond to Harris's discovery requests as described in this order.

The court further **ORDERS** that Harris must identify the Doe deputies' names within **forty-five days** of Sheriff Schmidt's attorney filing a notice of appearance in the case. If he does not, or does not explain to the court why he is unable to identify their names, the court may dismiss this case based on his failure to diligently pursue it. *See* Civil L.R. 41(c).

The court further **ORDERS** that the agency having custody of Harris shall collect from his institution trust account the $333.17 balance of the filing fee by collecting monthly payments from Harris's prison trust account in an amount equal to 20% of the preceding month's income credited to Harris's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Harris transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Harris's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Harris is confined.

The court **ORDERS** Harris to mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Harris that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties

Dated in Milwaukee, Wisconsin, this 25th day of July, 2018.

*William E. Duffin*

WILLIAM E. DUFFIN
U.S. Magistrate Judge