UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKEY J. HARRIS, III,,

        Plaintiff,

   v.                                    Case No. 18-C-813

RICHARD SCHMIDT, *et al.*,

        Defendants.

## ORDER DENYING MOTION TO COMPEL AND GRANTING MOTION TO SUBSTITUTE NAMES AND SCREENING ORDER

This matter is before the Court on *pro se* Plaintiff Rickey Harris' Motion to Compel Discovery (ECF No. 14) regarding the names of the John Doe Defendants and Plaintiff's Motion to Substitute Names. ECF No. 16. In Plaintiff's initial complaint, filed under 42 U.S.C. § 1983 alleging that his civil rights were violated while he was an inmate at the Milwaukee County Jail, Plaintiff named two John Doe Defendants. ECF No. 1. The complaint was screened by Magistrate Judge Duffin, and the Court adopted the Report and Recommendation of the Magistrate Judge (ECF No. 13) wherein the Plaintiff was ordered to identify the John Doe Defendants in order to proceed on his claim against them.

On August 7, 2018, Plaintiff served Defendant Schmidt by mail, requesting information to help identify the John Doe Defendants. After receiving an initial response that stated his request was being evaluated, Plaintiff filed a Motion to Compel on September 4, 2018. Prior to when Plaintiff filed his motion, Defendant Schmidt mailed Plaintiff responses to his questions on August 30, 2018, identifying the John Doe Defendants. Plaintiff did not receive the letter until September 5, 2018. Plaintiff then filed his Motion to Substitute Names, naming Anthony Emanuele and Michael Zetting

as Defendants, on September 10, 2018. Now that Defendants have been identified, the Court will re-screen the complaint to see whether it is sufficient to state a claim against the named Defendants.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he was an inmate at the Milwaukee County Jail in February 2017. Just prior to being booked into the jail, Defendant Emanuele and Defendant Zetting allegedly instructed Plaintiff to change into jail clothing, which he did. After changing, Plaintiff states he was handcuffed

2

and escorted to the shower area by Defendants. One defendant allegedly asked Plaintiff if he had anything illegal on or in his body, to which he responded no. Plaintiff inquired as to why he was being searched and if he could speak to a sergeant. A defendant allegedly told Plaintiff that he could speak to a sergeant after the search.

According to Plaintiff, he was ordered to lower his pants and underwear to his knees and squat while one defendant donned latex gloves and used a flashlight to spread open Plaintiff's buttocks. Plaintiff again requested to speak to a sergeant, and was denied.

Shortly after the search, Plaintiff spoke with two Milwaukee County detectives/investigators. Allegedly, after Plaintiff explained what had occurred, one of the detectives/investigators told him it was wrong for Defendants to conduct the strip search without authorization and that he should file a grievance. Plaintiff filed a grievance later that day. Plaintiff left the jail five or six days later and has not heard anything further regarding the incident.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). "[T]he Constitution permits officials to conduct strip searches and body-cavity inspections of arrested persons before they enter a jail's general population" so long as they do so in a manner that is consistent with a jail's general policy of searching "*every* arrestee going into the general population." *Fonder v. Sheriff of Kankakee Cty.*, 823 F.3d 1144, 1146–47 (7th Cir. 2016). Plaintiff's claim appears to be that he was treated differently than other detainees, and that the jail does not have a general policy of searching every detainee.

3

Accepting Plaintiff's allegation as true, which the Court must at screening, the Court concludes that Plaintiff has sufficiently pled that Defendants' decision to strip search him was not based on a uniform policy of doing so for all detainees prior to admission to the general population. Thus, the strip search was not "reasonably related to legitimate penological interests" and, therefore, was unconstitutional. *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 326 (2012) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (ECF No. 14) is **DENIED** as moot because Plaintiff has already received the requested information.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute Names (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Richard Schmidt be dismissed as a defendant in this case.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County Defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that Plaintiff is required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated this  14th  day of September, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court